UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| LOURELLE ROBERTS,<br>*also known as* LOURELE ROBERTS,<br>LAURELE ROBERTS, and<br>LAURELLE ROBERTS | CIVIL ACTION NO. 07-1355 |
| VS. | SECTION P<br>JUDGE JAMES |
| JOHN B. FOX, WARDEN | MAGISTRATE JUDGE HAYES |

REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed on or about August 13, 2007, by *pro se* petitioner Lourelle (or Lourele, Laurele, Laurelle) Roberts. Petitioner is an inmate in the custody of the Federal Bureau of Prisons. He is incarcerated at the United States Penitentiary, Beaumont, Texas, and he is serving the remaining 20 years of a previously imposed federal sentence. However, he attacks his 1998 convictions for armed robbery and simple escape and the consecutive sentences of 75 and 5 years imposed in 2001 by Louisiana's Fourth Judicial District Court, Ouachita Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d)(1).

*Background*

On November 16, 1998, petitioner pled guilty to one count of armed robbery and one count of simple escape.  His armed robbery plea provided for sentencing up to the maximum, contingent upon the results of a pre-sentence investigation report.  The court, however, agreed to sentence him

to two years on the escape charge to run consecutively to the armed robbery sentence. [doc. 1-4, Exhibit A, pp. 1-19]

For reasons not explained in the record, petitioner was not sentenced until November 29, 2001.  On that date, he was sentenced to serve 75 years at hard labor without benefit of parole on the armed robbery conviction and 5 years at hard labor on the simple escape conviction. These sentences were ordered to be served consecutively to each other and "... to any other sentence you are now serving on State or Federal charges..."  [doc. 1-4, Exhibit B, pp. 19-32, see especially, p. 29]

Petitioner appealed his sentences to the Second Circuit Court of Appeals. On August 14, 2002, the sentences were affirmed. *State of Louisiana v. Laurele Roberts*, 36,271 and 36,272 (La. App. 2 Cir. 8/14/2002), 823 So.2d 1100.  His writ application was denied by the Louisiana Supreme Court on September 5, 2003. *State of Louisiana v. Laurele Roberts*, 2002-2758 (La. 9/5/2003), 852 So.2d 1022.  A review of the published jurisprudence and the United States Supreme Court website establishes that petitioner did not seek further direct review in the United States Supreme Court.

On August 12, 2004, he filed a *pro se* application for post-conviction relief in the Fourth Judicial District Court. [doc. 1-4, Exhibit C, pp. 33-38]  His application was denied by the trial court on December 7, 2004. [doc. 4, paragraph 11(a)(6)]  Petitioner did not seek review of the denial of his application for post-conviction relief. [doc. 4, paragraph 11(d)(1)]

Petitioner's unsigned and undated petition for writ of habeas corpus was apparently tendered to prison officials for mailing on August 7, 2007; it was received and filed in this court on August 13, 2007. [doc. 1-1, p. 8]

### *Law and Analysis*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the court must apply the provisions of AEDPA,

including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5ᵗʰ Cir. 8/9/1999);

*Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).  Title 28 U.S.C.

§2244(d)(1)(A) now provides a one-year statute of limitations for the filing of applications for

*habeas corpus* by persons, such as petitioner, who attack the judgment of conviction and sentence of

a state court.  This limitation period generally runs from the date that the conviction becomes final.

28 U.S.C. §2244(d)(1)(A).[1]

The tolling provision set forth in 28 U.S.C. §2244(d)(2)  provides that the time during which

a properly filed application for post-conviction relief was pending in state court is not counted

toward the limitation period.  *Ott v. Johnson,* 192 F.3d 510, 512 (5ᵗʰ Cir. 1999); *Fields v. Johnson,*

159 F.3d 914, 916 (5ᵗʰ Cir. 1998); 28 U.S.C. §2244(d)(2).  However,  any lapse of time before the

proper filing of an application for post-conviction relief in state court is counted against the one-year

limitation period, as is the lapse of time between the termination of state post-conviction proceedings

and the filing of the federal *habeas* pleading. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*,

154 F.3d 196, 197 (5th Cir.1998).  Federal courts may raise the one-year time limitation *sua*

*sponte*.  *Kiser v. Johnson,* 163 F.3d 326 (5ᵗʰ Cir. 1999).

Thus, in order to do an accurate timeliness analysis under §2244(d)(1)(A), four dates are

generally necessary: (1) the date upon which the judgment of conviction and sentence became final;

(2) the date upon which any applications for post-conviction or other collateral relief were properly

filed; (3) the date upon which these applications for post-conviction or other collateral relief ceased

to be properly filed; and, (4) the date upon which the federal *habeas corpus* petition was filed.

Petitioner appealed his conviction to the Second Circuit Court of Appeal; when that court

affirmed his conviction, he sought further direct  review in Louisiana's Supreme Court.  That court

---

[1] Petitioner does not suggest, nor do the pleadings imply,  that the period of limitation should be reckoned from any of the other events described in subsections (B), (C), or (D) of §2244(d)(1).

denied relief on September 5, 2003.  *State of Louisiana v. Laurele Roberts*, 2002-2758 (La.

9/5/2003), 852 So.2d 1022.  For AEDPA purposes, petitioner's judgment of conviction and

sentence "became final by the conclusion of direct review or the expiration of the time for seeking

such review" under 28 U.S.C. § 2244(d)(1)(A), ninety days after the Louisiana Supreme Court

denied his petition, or on or about December 5, 2003, the last day on which he could have filed a

petition for a writ of *certiorari* in the United States Supreme Court. See, U.S. SUP.CT. R. 13; see

*Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir.1999).  Under 28 U.S.C. § 2244(d)(1) he had one year,

or until on or about December 5, 2004, to file his federal *habeas* petition.

Petitioner was able to toll the limitation period pursuant to §2244(d)(2) by filing an

application for post-conviction relief on August 12, 2004. [doc. 1-4, Exhibit C, pp. 33-38] However,

by the time he filed his application, a period 250 days of the one year limitation period had elapsed.

Tolling continued until December 7, 2004, the date his application for post-conviction relief  was

denied by the trial court. [doc. 4, paragraph 11(a)(6)] By his own admission, petitioner did not seek

further review of the denial of his application for post-conviction relief [doc. 4, paragraph 11(d)(1)]

and therefore, the limitations period was not tolled during the period from December 8, 2004, to

August 7, 2007, when petitioner filed the instant petition for *habeas corpus*.  Thus, another two and

one-half years elapsed un-tolled before petitioner filed his federal petition.

In all, a period of over three years has elapsed un-tolled between the date petitioner's

Louisiana conviction became final and the date he filed the instant petition.  In short, petitioner's

*habeas corpus* is barred by the timeliness provisions of the AEDPA and dismissal on that basis is

recommended.

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND**

**DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year

limitations period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

by this recommendation have ten (10) business days from service of this report and recommendation

to file specific, written objections with the Clerk of Court.  A party may respond to another party's

objections within ten (10) days after being served with a copy of any objections or response to the

District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed**

**legal conclusions reflected in this Report and Recommendation within ten (10) days**

**following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b),**

**shall bar an aggrieved party from attacking either the factual findings or the legal**

**conclusions accepted by the District Court, except upon grounds of plain error.** *See,*

*Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir.  1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this **29th day of**

**October, 2007.**

KAREN L. HAYES
U. S. MAGISTRATE JUDGE