UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **LOURELE ROBERTS** | **CIVIL ACTION NO.  07-1355** |
| **VERSUS** | **JUDGE ROBERT G.  JAMES** |
| **WARDEN, UNITED STATES PENITENTIARY** | **MAG.  JUDGE KAREN L. HAYES** |

**MEMORANDUM ORDER**

Petitioner Lourele Roberts filed a Petition for Writ of *Habeas Corpus*, pursuant to 28 U.S.C. § 2254, in the above-referenced matter on August 13, 2007.  On October 29, 2007, Magistrate Judge Karen L. Hayes issued a Report and Recommendation in which she recommended that the Court dismiss the Petition as untimely.  On November 19, 2007, Petitioner filed an objection to the Report and Recommendation.  On January 4, 2008, after consideration of the entire record, including Petitioner's objection, the Court issued a Judgment [Doc. No. 10] adopting the Report and Recommendation and dismissing the Petition as untimely.

Following the Court's Judgment, Petitioner moved for and was granted an extension of time to appeal to the United States Court of Appeals for the Fifth Circuit.  On March 10, 2008, Petitioner timely filed an appeal and requested a Certificate of Appealability.  The Court denied the Certificate of Appealability the same date.

On April 14, 2008, the Fifth Circuit dismissed Petitioner's appeal for want of proseution because he failed to timely pay the docketing fee.

Now, four years after the Court's Judgment of dismissal, Petitioner has filed a Motion for Reconsideration [Doc. No. 19].  Petitioner moves the Court under Federal Rule of Civil

Procedure 60(b) to reopen his case and reconsider its Judgment because the Court failed to "take into account equitable tolling" before dismissing his case as untimely. [Doc. No. 19, p. 4].

Rule 60(b) permits a court to "relieve a party . . . from a final judgment, order, or proceeding for . . .(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. " FED. R. CIV. P. 60(b).  If a party moves for relief from judgment based on the first three reasons, the motion must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c).  For the remaining three reasons, the motion must be filed "within a reasonable time." *Id.*

In this case, Petitioner is correct that the Court did not previously consider equitable tolling.  As noted in Magistrate Judge Hayes' Report and Recommendation [Doc. No. 7], neither Magistrate Judge Hayes nor the Court considered equitable or statutory tolling because Petitioner did not "suggest, nor [did] the pleadings imply" that the limitations period should be tolled.  *Id.* at p. 3 n.1.  Petitioner now suggests that he is entitled to equitable tolling because he had conflicts with both his trial counsel, Charles Kincade, and his post-conviction counsel, Louis Scott.  Petitioner further contends that Mr. Scott incorrectly advised him about the status of state court habeas filing.

First, the Court finds that Petitioner's motion for reconsideration is untimely.  Petitioner

urges the Court to reopen his case and consider equitable tolling when those arguments were available to Petitioner at the time he originally filed his Petition. At best, Petitioner is asserting that the Court has jurisdiction under Rule 60(b) because of his excusable neglect or mistake. However, a motion based on this reason must be filed within one year of the date of the original judgment. Thus, Petitioner's motion was filed three years too late.

Further, even if Petitioner's motion was timely filed under the Rule 60(b)(6) catchall provision, Petitioner has not stated a basis for the Court to set aside its Judgment. Even if Petitioner pursued his rights diligently and even if the facts he cites to the Court are true, Petitioner has not described the circumstances that justify equitable tolling. Attorney error does not constitute "rare and exceptional circumstances" that would trigger equitable tolling of the limitations period. *Cousin v. Lensing,* 310 F.3d 843, 848 (5th Cir. 2002). An attorney's intentional deceit might warrant equitable tolling if the petitioner can show that he reasonably relied on his attorney's deceptive misrepresentations, but the facts cited by Petitioner do not support this argument either. *United States v. Wynn*, 292 F.3d 226, 230-31 (5th Cir. 2002).

Further, to the extent that Petitioner attempts to raise a new claim for relief, he must seek authorization from the Fifth Circuit to file a second and successive habeas petition.

For these reasons,

IT IS ORDERED that Petitioner's motion for reconsideration [Doc. No. 19] is DENIED.

MONROE, LOUISIANA, this 13th day of January, 2012.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE